UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF:

HANSON MARINE PROPERTIES, INC., 2:20-cv-00958-SPC-MRM d/b/a Salty Sam's Marina, as the owner of a 2017 26' Beachcat, Hull Identification Number: BHT423BCE717, in a cause of action for exoneration from, or limitation of liability,

    Petitioner.

Case No.:  2:20-cv-958-SPC-MRM

_____/

## REPORT AND RECOMMENDATION

Before the Court is Petitioner's Unopposed Motion for Entry of Final Default Judgment Against All Non-Appearing Potential Claimants, filed on April 5, 2021. (Doc. 44).  Petitioner Hanson Marine Properties, Inc. d/b/a Salty Sam's Marina, as owner of a 2017, 26' Beachcat ("Vessel"), requests that the Court enter final default judgment against all non-appearing potential claimants.  (*Id.* at 1).  Petitioner asserts that the relief requested is unopposed. (*Id.* at 6).  Because the Undersigned finds that the required notice has been provided and the time for filing a claim in this action has expired, the Undersigned respectfully recommends that Petitioner's Motion be **GRANTED**.

## BACKGROUND

Petitioner filed this action on December 3, 2020 pursuant to Rule F, Supplemental Rules for Admiralty or Maritime Claims, to limit liability arising out of an incident involving the Vessel, alleged to have occurred on or about October 2, 2020. (Doc. 1 at 1-2). On January 7, 2021, the Court entered a Monition that, *inter alia*, directed potential claimants to appear and respond to this action on or before March 8, 2021. (Doc. 8 at 1-2).

In accordance with Supplemental Rule F(4), Section 6(a) of the Middle District of Florida Admiralty and Maritime Practice Manual, and this Court's January 7 Order, Petitioner filed a Proof of Publication indicating that the Notice of Monition was published in The News Press, a daily newspaper published in Fort Myers, Lee County, Florida on January 12, 19, 26, 2021 and February 2, 2021. (Doc. 11 at 1).

On March 9, 2021, Petitioner filed its Unopposed Motion for Entry of Clerk's Default Against All Non-Appearing Potential Claimants. (Doc. 24). On April 2, 2021, this Court entered an Order granting Petitioner's Unopposed Motion for Entry of Clerk's Default Against All Non-Appearing Potential Claimants. (Doc. 41). This Court found that Petitioner complied with the notice requirements pursuant to Supplemental Rule F(4), Section 6(a) of the Middle District of Florida Admiralty and Maritime Practice Manual, and this Court's January 7 Order. (*Id.* at 2). The Court ordered Petitioner to file a Motion for Default Judgment against all persons and entities that have not filed a claim in this action no later than April 16, 2021. (*Id.*).

On April 5, 2021, the Clerk of Court entered a clerk's default "against all persons and entities that have not filed a claim in this action." (Doc. 43). On April 5, 2021, Petitioner filed the instant motion. (Doc. 44).

Because Petitioner has complied with this Court's Orders, the applicable provisions of Supplemental Rule F, and Chapter Six of the Middle District of Florida Admiralty and Maritime Practice Manual, and only Kayley Prinzi and Beachcat Boat, LLC have filed claims in this case, the Court finds good cause to grant Petitioner's request.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 "sets out a two-step procedure for obtaining a final default judgment." *In re Complaint of Wild Fla. Airboats, LLC*, No.: 6:16-cv-2207-Orl-31GJK, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017) (citing Fed. R. Civ. P. 55). First, when a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). This Court has consistently applied the same two-step procedure in cases under the Limitation of Liability Act." *See Wild Fla. Airboats*, 2017 WL 3891777, at *2

(internal citation omitted).  Supplemental Rule F(5) for Admiralty or Maritime Claims and Asset Forfeiture Actions provides:

> Claims and Answer.  Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. . . .  If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Supp. Rule F(5).

Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice.  The date so fixed shall not be less than [thirty] days after issuance of the notice. . . .  The notice shall be published in such newspaper or newspapers as the court may direct once a week for four consecutive weeks prior to the date fixed for the filing of claims.  The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Supp. Rule F(4).

Based on the foregoing rules, default judgment will be entered against any potential claimant who has failed to respond to a notice of a complaint for exoneration from or limitation of liability within the established notice period, provided that the notice complies with the rules.  *See* Supp. Rule F(4); *see also In the Matter of Reef Innovations, Inc.*, No.: 11-cv-1703, 2012 WL 195531, at *2 (M.D. Fla.

4

Jan. 6, 2012) (noting that a party seeking a default judgment on a exoneration from or limitation of liability action must first publish a notice of the action in a newspaper for four consecutive weeks).

## ANALYSIS

Here, the Undersigned finds that Petitioner has fulfilled the requirements under the rules. *See* Supp. Rule F(4). The record shows that Petitioner provided Claimants Kayley Prinzi and Beachcat Boat, LLC with notice of this action and they have both filed claims. (*See* Docs. 12, 20). No other potential claimants to this action have filed answers and/or claims, or otherwise appeared in this action. Petitioners have also otherwise complied with the rules by publishing the court-approved notice once a week for over four consecutive weeks. (*See* Doc. 11).

The Court approved notice states that the deadline for filing a claim and answer was March 8, 2021, and that the failure to file a claim would result in being defaulted. (*See* Docs. 7, 8). The March 8, 2021 deadline has passed, and only Kayley Prinzi and Beachcat Boat, LLC have filed claims in this action. (*See* Docs. 12, 20). No other parties have filed claims or served an answer in this case.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Petitioner's Unopposed Motion for Entry of Final Default Judgment Against All Non-Appearing Potential Claimants (Doc. 44) be **GRANTED**; and

5

2. Default Judgment be entered against all persons and entities that have not filed a claim in this action by the March 8, 2021 deadline.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on June 2, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties