UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF:

HANSON MARINE PROPERTIES,
INC., d/b/a Salty Sam's Marina, as
the owner of a 2017 26' Beachcat,
Hull Identification Number:
BHT423BCE717,

    Petitioner.                                             Case No: 2:20-cv-958-SPC-MRM

_____/

### OPINION AND ORDER[1]

Before the Court is Petitioner Hanson Properties, Inc.'s Amended Motion to Dismiss Kayley Prinzi's Counterclaim (Doc. 88), and Prinzi's response in opposition (94).

This action arises from an accident aboard a pontoon boat owned by Hanson Marine Properties, Inc. On the morning of October 3, 2020, Kevin Hyma rented the boat from Hanson Marine. Prinzi was one of ten passengers that day. With Hyma driving, and Prinzi at the bow, Prinzi was thrown overboard, and a propeller blade severed her right leg. This Opinion and Order addresses a motion to dismiss Prinzi's counterclaim.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Anticipating liability for the accident, on December 3, 2020, Hanson Marine filed a complaint for exoneration or limitation of liability from "all loss, damages, personal injury and injury, occasioned and incurred by or as a result of the incident," under the Court's admiralty and maritime jurisdiction, 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et. seq.* (Doc. 1). The Limitation Act affords a vessel owner, when loss or damage occurs without its privity or knowledge, the right to limit its liability to the value of the owner's interest in the vessel and the vessel's pending freight. 46 U.S.C. § 183(a). Hanson Marine asserts that it was not at fault for the accident, and that the accident occurred without its privity or knowledge. Attached is a declaration of value, estimating the fair market value of the vessel to be $11,350.69. (Doc. 1-1).

The Court entered an Order Approving Ad Interim Stipulation, Notice of Monition and Injunction (Doc. 7) and the Monition. (Doc. 8). The Order set a deadline to file claims concerning the accident and enjoined the institution or prosecution of other suits against Hanson Marine pending the outcome of the limitation proceeding. (Doc. 7). Two filed claims: Prinzi and Beachcat Boat, LLC (the vessel manufacturer).

On February 12, 2021, Prinzi filed an answer and asserted affirmative defenses (Doc. 12), and a Supplemental Rule F(5) claim[2] for damages for her

---

[2] Supplemental Rule F(5) states,

personal injuries (Doc. 13). Five months later, she filed five documents: a crossclaim complaint against Beachcat (Doc. 75), an amended Supp. Rule F(5) claim (Doc. 76), an amended answer (Doc. 77), a counterclaim against Hanson Marine asserting state-law claims for negligence and negligent entrustment (Doc. 78), and a third-party complaint against Hyma (Doc. 79).

Hanson Marine answered Prinzi's amended Rule F(5) claim (Doc. 81), but moved to dismiss her counterclaim with prejudice, or alternatively, to strike the counterclaim, because the counterclaim duplicates the Supp. Rule F(5) claim, because the counterclaim is unnecessary, and because the counterclaim is not permitted by the "Rules." (Doc. 88).

Prinzi responds that before filing the amended Rule F(5) claim, she continually represented that her desired forum for her damages claim is state court, (*see* Docs. 13, 72), but after discussion with counsel, she agreed to litigate all matters, both liability and damages, in this case. (Doc. 94 at ¶ 8). And to further her decision, she filed the amended Rule F(5) claim, filed an amended answer, and filed a counterclaim "to fully encompass all aspects of this case and to assert her right to litigate her damages in this Court and in this case."

---

Claims and Answer.  Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule.  Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued.  If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

(Doc. 94 at ¶ 9). She explains that the specific damages and the extent of her damages were not set forth in the Rule F(5) claim, but are in the counterclaim.

However, Prinzi's change of course runs afoul of the Federal Rules of Civil Procedure and the Case Management and Scheduling Order. The Complaint was filed on December 3, 2020, and Prinzi filed an amended answer without leave of court five months later, well outside the time to amend as a matter of course under Federal Rule of Civil Procedure 15(a). Because she could not amend as a matter of course, leave of court or the opposing parties' written consent was required before amending the answer. *See* Fed. R. Civ. P. 15(a)(2). Neither happened here. Further, as the Case Management and Scheduling Order states, July 14, 2021 was the deadline to file "*motions* to add or joint parties or amend pleadings." (Doc. 36). As for the counterclaim, any counterclaim must be included in a pleading, not as a standalone document. *See* Fed. R. Civ. P. 13(a)(1), (b); Fed. R. Civ. P. 7(a) (setting forth the list of permissible pleadings, including an answer). *See also* Fed. Proc., L. Ed., § 62:201 (June 2021 Update) ("[A] counterclaim is not a pleading but must be stated in a pleading and therefore can be asserted only in the defendant's answer."). And Federal Rule 13's advisory committee notes leave no doubt that Prinzi must comply with Rule 15 to add an omitted counterclaim: "An amendment to add a counterclaim will be governed by Rule 15." Fed. R. Civ. P. 13 advisory committee's note to 2009 amendment.

The Federal Rules of Civil Procedure apply to admiralty and maritime claims. Supplemental Rule A states, "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules." Supplemental Rule A(2). To be sure, the advisory committee notes state,

> Accordingly, these Rules are not to be construed as limiting or impairing the traditional power of a district court, exercising the admiralty and maritime jurisdiction, to adapt its procedures and its remedies in the individual case, consistently with these rules, to secure the just, speedy, and inexpensive determination of every action.

Supplemental Rule A, notes of advisory committee on rules.

The Court strikes the amended answer and the counterclaim filed without leave of court or the opposing parties' written consent. If Prinzi wants to amend the answer and include a counterclaim, she must move for leave to amend under Rule 15. Any counterclaim should clearly state the basis for the Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Because the counterclaim is stricken, the motion to dismiss the counterclaim will be denied as moot.

The Court notes that in response to the motion to dismiss, Prinzi "requests that the Court will grant [her] leave to amend her pleadings to conform with this Court's ruling, and that any dismissal be without prejudice." (Doc. 94 at 11). The Court will not construe the response as a motion for leave

to amend. Prinzi's request to amend is limited to that statement and does not provide a memorandum of law applying Rule 15's standards for leave to amend. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Rosenberg v. Gould,* 554 F.3d 962, 967 (11th Cir. 2009) (quoted authority omitted).

Accordingly, it is now

**ORDERED:**

1. Kayley Prinzi's amended answer (Doc. 77) and counterclaim (Doc. 78) are **STRICKEN**. Any motion for leave to amend the answer must be filed on or before **September 13, 2021**, following conferral under Local Rule 3.01(g).

2. Petitioner's Amended Motion to Dismiss Kayley Prinzi's Counterclaim (Doc. 88) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 30, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record