UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF: HANSON
MARINE PROPERTIES, INC.,
d/b/a Salty Sam's Marina, as the
owner of a 2017 26' Beachcat,
Hull Identification Number:
BHT423BCE717, Petitioner.

Case No.: 2:20-cv-958-SPC-MRM

/

# OPINION AND ORDER[1]

Before the Court are Cross-Defendant Kevin Hyma's Amended Motion to Strike Jury Trial Demand (Doc. 114), Respondent/Claimant Kayley Prinzi's Response in Opposition (Doc. 119), Hyma's Reply (Doc. 123), and Prinzi's Sur-Reply (Doc. 127). For the following reasons, the Court grants the Motion and strikes Prinzi's demand for jury trial.

## BACKGROUND

In a tragic accident, Prinzi—one of ten passengers on a pontoon boat rented from Hanson Marine Properties, Inc. ("Hanson Marine") and operated by Hyma—was thrown overboard. A propeller blade struck Prinzi's right leg and severed it.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Hanson Marine filed a complaint for exoneration or limitation of liability under the Court's admiralty and maritime jurisdiction, 28 U.S.C. § 1333 and 46 U.S.C. § 30501 et seq. (Doc. 1 at 1). And although there was no alternative jurisdictional basis alleged, the complaint invoked Federal Rule of Civil Procedure 9(h).[2] (Doc. 1 at 1).

The Court entered an Order Approving Ad Interim Stipulation, Notice of Monition and Injunction (Doc. 7) and the Monition (Doc. 8). The Order set a deadline to file claims pertaining to the accident and enjoined the institution or prosecution of other suits against Hanson Marine pending the outcome of the limitation proceeding. (Doc. 7).

There were two claimants: Prinzi and Beachcat Boat, LLC ("Beachcat") (the vessel manufacturer). Besides her answer and affirmative defenses (Doc. 12) and a Supplemental Rule F(5) claim for damages for her personal injuries (Doc. 13), Prinzi filed several other pleadings. Among them was a crossclaim against Hyma. (Doc. 107). The crossclaim was brought under the Court's admiralty and maritime jurisdiction, it stated both Prinzi and Hyma are Florida residents, and it demanded a jury trial. (Doc. 107 at 1–2, 5).

---

[2] Rule 9(h) allows a plaintiff to designate a pleading as an admiralty or maritime claim when the claim falls within both admiralty and some other jurisdictional ground. But a Rule 9(h) election is effectual only when there is a choice to be made. *See DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1312 (11th Cir. 2020) ("when admiralty is the only basis for jurisdiction, then admiralty jurisdiction applies, regardless of how the plaintiff designates her case").

After mediating, Hanson Marine and Prinzi settled. (Doc. 155). Then, on the eve of a status conference, Hanson Marine settled all the other claims that remained by and against it. (Doc. 162). At the status conference, the parties all maintained that the Court continued to have admiralty jurisdiction. (Doc. 163). Finally, Prinzi settled with Beachcat. (Doc. 168).

This leaves Prinzi's crossclaim against Hyma. Hyma contends that because the Court exercises admiralty jurisdiction over this case, it must strike Prinzi's jury trial demand. (Doc. 114). The Court agrees.

## **DISCUSSION**

The Eleventh Circuit addressed a party's options for pursuing its maritime tort claims in *DeRoy v. Carnival Corporation*:

> [Section] 1333 vests district courts with original jurisdiction over civil admiralty or maritime disputes, but the statute "saves to suitors"—meaning plaintiffs—"all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). . . .
>
> One remedy the saving-to-suitors clause safeguards is the right to a jury trial. [*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454–55] . . . . Unlike with federal cases brought at law, no Seventh Amendment right to a jury trial applies in admiralty cases. *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20, 83 S. Ct. 1646, 10 L.Ed.2d 720 (1963). So we have said that the saving-to-suitors clause "embodies a presumption in favor of jury trial and common law remedies in the forum of the claimant's choice." *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996).

3

> For that reason, we have concluded that the saving-to-suitors clause generally provides a plaintiff in a maritime case alleging an *in personam* claim three options: "(1) the plaintiff may file suit in federal court under admiralty jurisdiction . . . ; (2) the plaintiff may file suit in federal court under diversity jurisdiction; or (3) the plaintiff may file suit in state court." *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1187 n.13 (11th Cir. 2009); *Diesel "Repower", Inc. v. Islander Invs. Ltd.*, 271 F.3d 1318, 1322 (11th Cir. 2001) ("The saving to suitors clause allows an *in personam* action, whether the action is instituted in a state court or in a federal court under diversity jurisdiction or in a federal court under maritime jurisdiction.").

963 F.3d 1302, 1312–14 (11th Cir. 2020).[3]

---

[3] Much of Prinzi's opposition to the motion relates to the "tension" between a vessel owner's right to have the issue of limited liability tried in admiralty and the saving to suitors clause's preservation of a claimant's common law remedies. *See Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996). Prinzi contends that the saving to suitors clause extends her the right to a jury trial because she could have asserted her claims in state court but for Hanson Marine's limitation action. (Doc. 119 at 7).

In *Beiswenger*, the Eleventh Circuit noted: "[i]n limitation proceedings, as in all admiralty cases, there is no right to a jury trial." 86 F.3d at 1037. But it also outlined the circumstances under which damage claimants in a limitation proceeding may try liability and damage issues in their chosen forum: (1) "where the limitation fund exceeds the aggregate amount of all the possible claims against the vessel owner"; (2) "where there is only one claimant"; and (3) where damage claimants enter into a stipulation that "transform[s] a multiple-claims-inadequate-fund case into the functional equivalent of a single claim case." *Id.* at 1037–40.

The Court notes that none of these three circumstances were presented in this case. In any event, because the claims against and by Hanson Marine have been settled, there is no longer a limitation proceeding in play. So this case is now significantly more streamlined, and this issue significantly more straightforward.

And so, a plaintiff may bring a maritime tort in one of three ways: (1) in federal court under admiralty jurisdiction, with no right to jury trial; (2) in federal court under diversity jurisdiction, with a right to jury trial; or (3) in state court with a right to jury trial. *See id.* at 1314. When a plaintiff pursues its claim under admiralty jurisdiction, that choice applies to the entire litigation. *Harrison v. Flota Mercante Grancolumbiana, S. A.,* 577 F.2d 968, 986–88 (5th Cir.1978).[4]

Both Hanson Marine's complaint and Prinzi's crossclaim explicitly rely on the Court's admiralty jurisdiction. Both the complaint and the crossclaim boldly state "In Admiralty" following the designation of the Court, as required by provision 1(b) of the Middle District of Florida's Admiralty and Maritime Practice Manual. (Doc. 1 at 1; Doc. 107 at 1). And admiralty is the only jurisdictional basis alleged. (Doc. 1 at 1; Doc. 107 at 1–2).

Further, Prinzi's crossclaim states she and Hyma are both citizens of Florida (Doc. 107 at 2), which plainly negates diversity. Because diversity jurisdiction does not apply, and there are no other grounds for federal jurisdiction alleged, Prinzi could not have brought her maritime negligence

---

[4] *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit prior to the close of business on September 20, 1981).

claim as a civil action in federal court under the "savings to suitors" clause. *See DeRoy*, 963 F.3d 1302, 1312–14.

Admiralty jurisdiction is the only means of maintaining this action in this Court, and because there is no right to jury trial in admiralty, Prinzi's demand for a jury trial must be stricken.

## CONCLUSION

Accordingly, it is now

**ORDERED:**

The Court **GRANTS** Hyma's Amended Motion to Strike Jury Trial Demand (Doc. 114) and **STRIKES** Prinzi's Jury Trial Demand.

**DONE** and **ORDERED** in Fort Myers, Florida this May 2, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

6