UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF: HANSON
MARINE PROPERTIES, INC.,
d/b/a Salty Sam's Marina, as the
owner of a 2017 26' Beachcat,
Hull Identification Number:
BHT423BCE717, Petitioner.

Case No.: 2:20-cv-958-SPC-KCD

_____/

# OPINION AND ORDER[1]

Before the Court are Cross-Plaintiff Kayley Prinzi's Partial Motion for Summary Judgement (Doc. 187) and Cross-Defendant Kevin Hyma's Motion for Summary Judgment (Doc. 185). The parties filed responses and replies. (Doc. 195, Doc. 199, Doc. 200, Doc. 201). Because the Court writes only for the parties (who are familiar with the facts), it includes only those necessary to explain the decision.

## BACKGROUND

This case is about a regrettable boating accident. It started with a group of friends and colleagues renting a pontoon-like boat ("vessel") to celebrate a birthday but ended with the amputation of Prinzi's right leg. What happened

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

in the seconds leading up to the accident is hotly contested, but much of the day is not. On the morning of the accident, Prinzi took antidepressant medicine. She, and most of her friends, drank alcohol while on the boating trip. Throughout the boating trip, Hyma operated the vessel with people on the bow—Prinzi included. In fact, she was on the bow as Hyma was driving the vessel forward when she fell overboard. The propeller blade struck Prinzi, causing injuries including the loss of her leg.[2] Months later, Hyma was adjudicated guilty of careless operation of a vessel in violation of Florida Statute § 327.33(2).

Prinzi filed this action against Hyma (and others) under the Court's admiralty jurisdiction. (Doc. 104, Doc. 107, Doc. 134). Prinzi's claim against Hyma for negligently operating the vessel is all that remains.

## LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a

---

[2] As an aside, the Court acknowledges the actions taken after the fall to save Prinzi, including those onboard who jumped into the water to support Prinzi, helped her onto the Good Samaritan vessel, stopped her bleeding, and accompanied her to the hospital and Prinzi's own efforts to rebound since the accident. There is no dispute that the accident could have cost Prinzi her life.

2

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.*

For issues the movant must prove, the "movant must affirmatively show the absence of a genuine issue of material fact, and support its motion with credible evidence demonstrating that no reasonable jury could find for the non-moving party on all of the essential elements of its case." *Landolfi v. City of Melbourne, Fla.*, 515 F. App'x 832, 834 (11th Cir. 2013) (citation omitted). But for issues the non-movant bears the burden, the movant has two options: (1) point out a lack of evidence to support the nonmoving party's case; or (2) provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cntys.*, 941 F.2d 1428, 1437-38 (11th Cir. 1991) (citation omitted). "The burden then shifts to the non-moving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted).

At the summary judgment stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). It may not undertake credibility determinations or weigh the evidence when reviewing

the record. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010). What's more, "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

## DISCUSSION

### A. Maritime Issues

The Court first considers its jurisdiction and the applicable body of law. Prinzi claims Hyma committed negligent acts aboard a vessel in navigable waters. Federal subject-matter jurisdiction exists under 28 U.S.C. § 1333, and general maritime law applies. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989).

"Under the maritime law of negligence, [Prinzi] must prove that 1) [Hyma] had a duty to protect her from a particular injury, 2) [Hyma] breached that duty, 3) [Hyma's] breach proximately caused [her] injury, and 4) [s]he incurred damages." *Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359, 1369 (11th Cir. 2018) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)).

"A defendant cannot be liable for failure to warn if the risk-creating condition is open and obvious to a reasonable person." *Malley v. Royal Caribbean Cruises Ltd*, 713 F. App'x 905, 908 (11th Cir. 2017) (citations omitted). "To determine whether a condition is open and obvious, th[e] Court asks whether a reasonable person would have observed the condition and appreciated the nature of the condition." *Id.* (citing *Lancaster v. Carnival*

4

*Corp.*, 85 F. Supp. 3d 1341, 1345 (S.D. Fla. 2015); *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1345-46 (S.D. Fla. 2015)). "The Court focuses on what an objectively reasonable person would observe and does not take into account the plaintiff's subjective perceptions." *Id.* (citing *Lugo,* 154 F. Supp. 3d at 1345-46)).

    *i.*    *The Pennsylvania Rule*

Prinzi argues the *Pennsylvania* Rule applies, so the burden shifts to Hyma to prove he could not have caused Prinzi's injuries. Given the facts here, the Court disagrees—the *Pennsylvania* Rule does not apply.

The *Pennsylvania* Rule comes from a nineteenth century Supreme Court maritime decision. *The Pennsylvania,* 86 U.S. 125 (1873). When two ships collide, the Court held a party who violates a statutory or regulatory rule intended to prevent collisions is presumed to have caused the accident:

> The liability for damages is upon the ship or ships whose fault caused the injury. But when, as in this case, a ship at the time of a collision is in actual violation of a statutory rule intended to prevent collisions, it is no more than a reasonable presumption that the fault, if not the sole cause, was at least a contributory cause of the disaster. In such a case the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been. Such a rule is necessary to enforce obedience to the mandate of the statute.

*Id.* at 136.

The *Pennsylvania* Rule requires the violating vessel to prove its violations could not have caused, or at least contributed to, the damage. *See Am. Dredging Co. v. Lambert*, 81 F.3d 127, 130 (11th Cir. 1996); *Fischer v. S/Y NERAIDA*, 508 F.3d 586, 593 (11th Cir. 2007). The Eleventh Circuit says, "The *Pennsylvania* Rule is not a rule of liability, but shifts the burden of proof as to causation. This burden is strict, but is not insurmountable." *Hersh v. United States*, No. 20-10926, 2022 WL 214842, at *10 (11th Cir. Jan. 25, 2022) (internal quotations omitted).

The Eleventh Circuit has extended the *Pennsylvania* Rule to apply to allisions[3] but has stopped there. *See Superior Const. Co. v. Brock*, 445 F.3d 1334, 1339-40 (11th Cir. 2006) (citing *Orange Beach Water, Sewer, & Fire Prot. Auth. v. M/V Alva*, 680 F.2d 1374, 1380-81 (11th Cir. 1982) (applying the *Pennsylvania* Rule to allisions). Just last year, the Eleventh Circuit analyzed a maritime general negligence claim where no collision or allision occurred and remained silent on whether the *Pennsylvania* Rule applied despite the parties' dispute on the doctrine's applicability.[4] *Brizo, LLC v. Carbajal*, No. 20-11204, 2021 WL 5029390 (11th Cir. Oct. 29, 2021).

---

[3] An allision occurs when a moving vessel strikes a stationary object such as a dock. A collision occurs when a moving vessel strikes another moving vessel. *Fischer v. S/Y NERAIDA*, 508 F.3d 586, 589 n.1 (11th Cir. 2007).

[4] In *Matter of Brizo*, a vessel killed a diver who was cleaning the hull. 437 F. Supp. 3d 1212 (S.D. Fla. 2020), *aff'd sub nom. Carbajal*, 2021 WL 5029390. The district court applied the *Pennsylvania* Rule against the diver who violated safety provisions. *Id.* On appeal, the

6

Other circuits have extended the *Pennsylvania* Rule beyond allisions and collisions. *See Complaint of Nautilus Motor Tanker Co., Ltd.*, 85 F.3d 105, 113 (3d Cir. 1996) (citing *Pennzoil Producing Co. v. Offshore Express, Inc.*, 943 F.2d 1465, 1471 (5th Cir. 1991)) (applying the *Pennsylvania* Rule to "any statutory violator who is a party to a maritime accident"). And other district courts within the Eleventh Circuit have done so too. These cases, however, are not binding. They all generally cite to the same three Third and Fifth Circuit decisions that offer expansive language of the *Pennsylvania* Rule, but present different factual situations than here. *See Matter of Brizo*, 437 F. Supp. 3d at 1216 (citing *Pennzoil* where a vessel allided with a pipeline and *United States v. Nassau Marine Corp.*, 778 F.2d 1111 (5th Cir. 1985) where a vessel buckled in transit); *Pettis v. Bosarge Diving, Inc.*, 751 F. Supp. 2d 1222, 1240 (S.D. Ala. 2010) (citing *Pennzoil*, *Nassau Marine*, and *Nautilus* where an oil tanker grounded); *In re: Backcountry Outfitters, Inc.*, No. 3:06CV234/MCR/MD, 2008 WL 516792, at *7 (N.D. Fla. Feb. 22, 2008), *aff'd*, 294 F. App'x 578 (11th Cir. 2008) (citing *Pennzoil*, *Nassau Marine*, and *Nautilus*).

In this case, Hyma was a layperson driving a recreational vessel when Prinzi fell off the bow. Hyma argues Prinzi was intoxicated, had to use the

---

parties' addressed whether the court's application was proper. The Eleventh Circuit affirmed a finding for the vessel under the Longshore Act and, alternatively, under general maritime negligence law. *Id.* But it never mentioned the *Pennsylvania* Rule. *Id.*

bathroom, and squatted backwards off the front end of the forward-moving vessel to urinate. Prinzi argues Hyma knew people on the vessel were drinking, knew it was dangerous to operate the vessel with people on the bow, yet did so anyway, failed to warn Prinzi of the danger, accelerated the vessel without warning, and drove too fast. So the crux of this case is what happened *on the vessel* causing Prinzi's fall and who is at fault. The vessel hitting Prinzi was the regrettable, instantaneous, and unavoidable result of the actions that occurred *on the vessel* and is not the crux of the negligence inquiry. There is no real dispute that Hyma stopped the vessel within seconds of Prinzi's fall. But it was too late.

The Eleventh Circuit has never extended the *Pennsylvania* Rule to facts such as these. The Court declines to do so here and set the *Pennsylvania* Rule too far adrift from its moorings.

    *ii.*    *Florida Statute § 768.36*

Hyma argues Florida Statute § 768.36 should supplement maritime law to bar Prinzi's recovery. The statute says a plaintiff cannot recover damages in any civil action if plaintiff was (1) under the influence of alcohol to the extent normal faculties were impaired or the plaintiff had a BAC of .08 percent or higher; and (2) more than 50% at fault for her own harm. This statute is inapplicable here because it conflicts with comparative negligence, a central principle of general maritime law.

8

State law may supplement maritime law if "(1) there is not an act of Congress that speaks to the issue; (2) the state law does not contravene a characteristic feature of general maritime law; and (3) the state law does not interfere with the proper harmony and uniformity of maritime law." *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 839 (11th Cir. 2010).

In determining recovery of damages, comparative negligence is central to maritime law. *United States v. Reliable Transfer Co.*, 421 U.S. 397, 406 (1975) ("That a vessel is primarily negligent does not justify its shouldering all responsibility, nor excuse the slightly negligent vessel from bearing any liability at all."). Section 768.36 plainly conflicts if Prinzi were found to be intoxicated and over 50% at fault.[5] In that case, applying the statute results in Prinzi shouldering all responsibility and excuses Hyma, who may be slightly negligent, from bearing any liability at all. This violates *Reliable Transfer* and the maritime principle of comparative negligence and would interfere with the proper harmony and uniformity of maritime law. *See also Snider-Hancox v. NCL Bah. Ltd.*, No. 17-20942-CIV, 2019 WL 13020785, at *2 (S.D. Fla. May 22, 2019). So the Court grants Prinzi's Motion to the extent that Section 768.36 is inapplicable here.

---

[5] Hyma argues that there is no conflict because Florida generally utilizes comparative negligence and still enforces this statute. He fails to grasp that the statute is *an exception* to comparative negligence that removes a group from the ability to recover damages when they otherwise could have under comparative negligence. It does not illustrate the statute's harmony with comparative negligence.

9

### B. Non-Maritime Issues

*a. Salty Sam's Boat Rental Agreement*

There is no dispute Prinzi signed Salty Sam's Boat Rental Agreement. ([Doc. 185-7](Doc. 185-7)). Hyma argues that this Rental Agreement shields him from liability. The Court disagrees. Hyma is not a party to the Rental Agreement—a contract between Prinzi and Hanson Marine Properties. Even if the Agreement were otherwise valid, Hyma cites no law for his proposition a contract between two parties can release a third party, unnamed and unidentified in the contract, from liability. The Court denies summary judgment on this ground.

*b. General Negligence*

Prinzi and Hyma present two different versions of what happened on the boating trip. According to Prinzi, Hyma knew people on the vessel were drinking, knew it was dangerous to operate the vessel with people on the bow, did so anyway, failed to warn Prinzi of this danger, accelerated without warning, and was driving too fast at the time of Prinzi's fall. Prinzi was also not intoxicated and merely trying to shift her seating or stand up to notify Hyma she needed to stop for a bathroom break. According to Hyma, however, he was driving safely when Prinzi fell, and Prinzi was intoxicated and squatted backwards off the front end of the forward-moving vessel to urinate. At a minimum, the disputed factual issues are (1) what Prinzi was doing when she

10

fell, (2) Prinzi's BAC and its impact on her faculties; (3) what Hyma was doing when Prinzi fell; and (4) whether Hyma knew, or should have known, it was dangerous for passengers to be on the bow of the forward-moving vessel. And given the copious amounts of alcohol that many witnesses consumed before Prinzi's fall, the Court must weigh the credibility of the testimony and evidence at trial – not at this stage of the litigation. The Court thus cannot grant summary judgment for either because of these genuine issues of material fact.

### c. Damages

Prinzi urges the Court to set a floor for damages, alleging that the minimum amount is undisputed. It declines to do so. Under Federal Rule of Civil Procedure 56(g), if a court does not grant all relief requested by a motion, it *may* enter an order stating any material fact—including an item of damages—is not genuinely in dispute and treat that fact as established. Fed. R. Civ. P. 56(g). Here, the parties dispute the actual amount of Prinzi's damages. If the Court finds Hyma negligent, it must determine this actual amount regardless of whether a floor is set now, so setting a floor at this stage is not useful. The Court thus denies summary judgment on this argument.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (Doc. 187) is **GRANTED** and **DENIED** in part. It is **GRANTED** to the limited

11

extent that Florida Statute § 768.36 is inapplicable.  In all other respects, the Motion is **DENIED**.

2. Defendant's Motion for Summary Judgment (Doc. 185) is **DENIED**.

3. The Court will set a **Zoom** status conference to discuss next steps in this case at **8:30 A.M.** on **September 16, 2022**.  The Clerk is **DIRECTED** to enter a Notice of Hearing under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on August 29, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record